NO. PD-0231-15

PD-0231-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/1/2015 3:02:48 PM
Accepted 4/1/2015 5:28:08 PM
ABEL ACOSTA
CLERK

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

---

OSVALDO MIGUEL PEREZ

Petitioner,

vs.

THE STATE OF TEXAS

---

Petition for Review of the
Eighth Court of Appeals
Judgment in No. 08-13-00024-CR
affirming conviction in Cause No. 20120D01211
from The Criminal District Court Number One
El Paso County, Texas

---

## PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

April 1, 2015

ABEL ACOSTA, CLERK

Ruben P. Morales
Attorney for Petitioner
Texas Bar No. 14419100
718 Myrtle Ave.
El Paso, Texas 79901
915 - 542 - 0388
915 - 225-5132 fax
rbnpmrls@gmail.com

SUBMITTED:  March 31, 2015

# PARTIES INVOLVED

<u>TRIAL COURT</u>: Criminal District Court At Law Number One
Honorable PETER PECA, judge presiding
500 E. San Antonio Ave., Suite 469, El Paso, Texas 79901

OSVALDO MIGUEL PEREZ,
Appellant/Petitioner

RUBEN P. MORALES
Appellate Counsel for Petitioner
718 Myrtle Avenue, El Paso, Texas 79901

DANIEL ROBLEDO
Trial and Appellate Counsel for Appellant
300 E. Yandell Dr.
El Paso, Texas 79903

JAIME ESPARZA
District Attorney, El Paso County, Texas
Appellate and Trial Counsel for Appellee
500 E. San Antonio Ave., El Paso, Texas 79901

KRISTIN R. ROMERO
Assistant District Attorney
Trial Counsel for Appellee
500 E. San Antonio Ave., Rm. 201
El Paso, TX 79901

DOUGLAS K. FLETCHER
Assistant District Attorney
Appellate Counsel for Appellee
500 E. San Antonio Ave.
El Paso Texas 79901

# TABLE OF CONTENTS

PARTIES INVOLVED……………………………………………………ii

INDEX OF AUTHORITIES.................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ................................v

STATEMENT OF THE CASE................................................................vi

STATEMENT OF PROCEDURAL HISTORY......................................vi

GROUNDS FOR REVIEW ...................................................................1

ARGUMENT

    1. Whether the Eighth Court erred in determining that a drug dog's positive alert for narcotics at the front door of defendant's residence provided sufficient residual probable cause for the issuance of a search warrant to enter defendant's home, in light of the Supreme Court's opinion in *Florida v. Jardines*……………………………………………………………...…1

PRAYER FOR RELIEF ........................................................................7

CERTIFICATE OF SERVICE ..............................................................7

CERTIFICATE OF COMPLIANCE……………………………………8

APPENDIX A Eighth Court Opinion ......................................Attachment 1

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Florida v. Jardines*, 133 S. Ct. 1409, 1411 185 L. Ed. 2d 495 (2013)…...1, 2 4, 5, 6

## TEXAS CASES

*Perez v. State,* No., 2014 WL 7237732, at *1 (Tex. App. Dec. 19, 2014) .........4, 5

*Rivas v. State,* 411 S.W.3d 920, 921 (Tex. Crim. App. 2013)..................................6

*State v. Weaver,* 349 S.W.3d 521, 527 (Tex. Crim. App. 2011) ..........................4, 5

## CONSTITUTIONS AND STATUTES

TEX. R. APP. P. 66.3(c) ...............................................................................4

TEX. R. APP. P. 66.3(f)................................................................................4

# STATEMENT REGARDING ORAL ARGUMENT

Petitioner does not believe that oral argument is necessary.

## STATEMENT OF THE CASE

Petitioner was charged in a three count indictment with unlawful possession of cocaine with the intent to deliver, unlawful possession of a firearm by a felon, and unlawful possession of metal or body armor by a felon. CR at 3-5. Appellant filed a pretrial motion to suppress evidence alleging a lack of probable cause to justify the issuance of the search warrant which was used to justify the search of his home.   CR at 41-47. The trial court denied the motion.   R. 2:14. Appellant pled guilty pursuant to a plea agreement and his punishment was assessed by the trial court at 3 and ½ years in prison on each count, all sentences to run concurrently.

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

Appellant filed a timely Notice of Appeal on February 1, 2013. On December 19, 2014, the Eighth Court affirmed Appellant's conviction in an unpublished opinion. *Perez v. State,* 2014 WL 7237732 (Tex. App. – El Paso, 2014).   A motion for rehearing was timely filed on January 6, 2015 and denied on January 28, 2015. This Court granted an extension of time in which to file a petition for discretionary review until March 30, 2015.

## GROUNDS FOR REVIEW

1. Whether the Eighth Court erred in determining that a drug dog's positive alert for narcotics at the front door of defendant's residence provided sufficient residual probable cause for the issuance of a search warrant to enter defendant's home, in light of the Supreme Court's opinion in *Florida v. Jardines*.

# ARGUMENT GROUND 1

Petitioner's home was searched pursuant to a search warrant. At the motion to suppress, it was established that the affidavit used to obtain the search warrant contained false information. Specifically, the officer claimed that he had previously purchased drugs at Petitioner's home when in fact, he had not. The Eighth Court upheld the search of Petitioner's home because "the trained drug dog's positive reaction to drugs in the residence provided sufficient probable cause to issue a search warrant without the officer's false statement." The Eighth Court's holding is contrary to established Supreme Court precedent. In *Florida v. Jardines,* the Supreme Court expressly held that the use of a narcotics dog to investigate the home and its immediate surroundings is a search within the meaning of the Fourth Amendment. It further held that a search warrant issued on the basis of information gathered through such an illegal search is invalid. Consequently, the Eighth Court erred when it upheld the search of Petitioner's residence on the basis of an illegal dog sniff at his front door.

### *Relevant Facts*

On March 6, 2012, Petitioner's home was searched pursuant to a search warrant. As a result of the search, Petitioner was arrested, charged and indicted for possession of cocaine, and unlawful possession of a firearm and body armor. Petitioner moved to suppress the evidence alleging that the search warrant was issued without sufficient probable cause. The trial court denied the motion.

The "Affidavit for Search Warrant" listed the following facts to justify the issuance of the search warrant:

1. Affiant received information from a confidential informant that Petitioner was trafficking narcotics from his home. No additional information was

2

provided regarding the confidential informant.   CR. at 46.

2. Officers approached Petitioner's home and deployed a drug sniffing dog outside the front door of Petitioner's home. The dog alerted on Petitioner's home as having an odor of narcotics coming from within the home. CR. at 46; and

3. A no knock warrant was needed because affiant had previously purchased small plastic baggies containing marijuana from Petitioner's residence and the small baggies could easily be disposed of or destroyed. CR. At 47.

At the motion to suppress hearing, the State admitted that the statement regarding the purchase of marijuana from Petitioner's residence was false. R. 2:9. It also admitted that an anonymous tip, standing alone, is not enough to justify a search warrant. R. 2:13. However, the State argued that the positive dog alert taken together with the information obtained from the confidential informant was sufficient to justify the issuance of the search warrant. R. 2:13.[1]

***Opinion of the Court of Appeals***

In affirming Petitioner's conviction, the Eighth Court wrote: "Because the trained drug dog's positive reaction to drugs in the residence provided sufficient

---

[1] The reasonableness of the officer's no-knock entry was not litigated at the motion to suppress nor was it briefed on appeal. Although the warrant authorized a no-knock entry, it is unclear from the record whether that actually occurred.   However, since probable cause for the issuance of any warrant was lacking, it is unnecessary to decide whether a no-knock entry was authorized.

3

probable cause to issue a search warrant without the officer's false statement, we find no reversible error in the judge's failure to grant the motion." *Perez v. State,* No. 08-13-00024-CR, 2014 WL 7237732, at *1 (Tex. App. Dec. 19, 2014). The Eighth Court also erroneously cited this Court's opinion in *State v. Weaver,* 349 S.W. 3d 521, 528(Tex. Crim. App. 2011) for the proposition that a positive alert by a certified drug dog is sufficient probable cause to search a home.

### *Reasons for Review*

Review should be granted because the Eighth Court has decided an important question of state and federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States. TEX. R. APP. P. 66.3(c). Review should also be granted because the Eighth Court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by a lower court, as to call for an exercise of the Court of Criminal Appeals' power of supervision. TEX. R. APP. P. 66.3(f).

In *Florida v. Jardines*, police received an unverified tip that marijuana was being grown in the home of Jardines. 133 S. Ct. 1409, 1411 185 L. Ed. 2d 495 (2013). A surveillance team was sent out to investigate. *Id.* As part of the investigation, a drug-sniffing dog was allowed to sniff the front porch of Jardines home. *Id.* After sniffing the base of the front door to the home, the dog alerted to

4

the odor of narcotics. *Id.* Based on the alert, police obtained a warrant for a search, which revealed marijuana plants. *Id.* The Supreme Court held that deployment of the drug dog on the front porch of the residence constituted a search for Fourth Amendment purposes. *Id.* at 1417-1418. Consequently, absent a warrant or exigent circumstances, the dog sniff of the porch was not authorized. *Id.* At 1420. In this case, absent the false information that was excluded from the warrant, the facts are almost identical. Police received information that Petitioner was dealing drugs from his home. Police investigated by allowing a drug-sniffing dog to sniff the front door to Petitioner's home. The dog alerted and, on the basis of this alert, the police obtained a search warrant for Petitioner's residence. But, unlike the Supreme Court in *Jardines,* the Eighth Court held that the dog sniff provided sufficient probable cause for the issuance of a warrant.

The Eighth Court exacerbates the error by citing this Court's opinion in *State v. Weaver,* for the proposition that "a positive alert by a certified drug dog is sufficient probable cause to search [a home]." *Perez v. State,* 2014 WL 7237732, at *1. *Weaver* involved the search of a vehicle. *State v. Weaver,* 349 S.W.3d 521, 527 (Tex. Crim. App. 2011). Ultimately, this Court's holding in *Weaver* was that the dog sniff of the vehicle and the subsequent search of the vehicle were improper. *Id.* at 52. However, the general legal principles discussed in *Weaver* were specific to

5

vehicle search cases. The Supreme Court in *Jardines*, makes clear that when it comes to the Fourth Amendment, "the home is first among equals." *Jardines,* 133 S. Ct. at 1414. At the core of the Fourth Amendment is the right of a person to retreat into their home and there be free from unreasonable governmental intrusion. *Id.* The Supreme Court further states that the right is of little value if State's agents are able to stand in a home's porch and search for evidence with impunity. *Id.*

## *Conclusion*

This Court should grant review because it is undisputable that the Eighth Court misapplied precedent from the Supreme Court and from this Court. The relevant Supreme Court precedent mandates the opposite result of that reached by the Eighth Court. The Eighth Court opinion issued over twenty-one months after *Jardines*, fails to mention or even allude to this key Supreme Court precedent which is directly on point. In at least one published case, this Court vacated a decision by the Court of Appeals that did not consider *Jardines. See Rivas v. State,* 411 S.W.3d 920, 921 (Tex. Crim. App. 2013). Similarly, the facts of this case require that this Court grant review and correct the erroneous decision of the Eighth Court.

## **PRAYER FOR RELIEF**

For all the reasons stated above, Petitioner respectfully requests that the Honorable Court of Criminal Appeals grant this petition for discretionary review.

Respectfully submitted,

/s/ Ruben P. Morales
Ruben P. Morales
Attorney for Petitioner
Texas Bar No. 14419100
718 Myrtle Avenue
El Paso, Texas 79901
915 - 542 - 0388
915 - 225 - 5132 fax

## **Certificate of Service**

I certify that on March 30, 2015 a copy of this petition was delivered via efile to the Office of the El Paso County District Attorney at DAappeals@epcounty.com, and to the State Prosecuting Attorney at information@spa.texas.gov.

/s/ Ruben P. Morales
Ruben P. Morales

7

## **CERTIFICATE OF COMPLIANCE**

I certify that Appellant's Petition for Discretionary Review contains 1,455

words and complies with the applicable Rules of Appellate Procedure.

/s/ Ruben P. Morales
Ruben P. Morales

2014 WL 7237732
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

OPINION
(DO NOT PUBLISH)
Court of Appeals of Texas,
El Paso.

Osvaldo Miguel Perez, Appellant,
v.
The State of Texas, Appellee.

No. 08–13–00024–CR    |    December 19, 2014

Appeal from the Criminal District Court No. 1 of El Paso County, Texas, (TC #20120D01211)

**Attorneys and Law Firms**

Jaime E. Esparza, Douglas K. Fletcher, for The State of Texas.

Daniel Robledo, for Osvaldo Miguel Perez.

Before McClure, C.J., Barajas, C.J. (Senior Judge), Chew, C.J. (Senior Judge)

*OPINION*

ANN CRAWFORD McCLURE, Chief Justice

**\*1** Osvaldo Miguel Perez appeals his conviction in three counts for: unlawful possession of cocaine with the intent to deliver; the unlawful possession of a firearm by a felon; and the unlawful possession of body armor by a felon. Appellant claims that Officer Harvel made false claims in his affidavit to show probable cause to support the warrant and that the trial court abused its discretion in denying his motion to suppress.

**FACTUAL SUMMARY**

On March 6, 2012, following a search of his home, Appellant was indicted for possession of cocaine, and for unlawful possession of a firearm and body armor. He filed a pretrial motion to suppress the evidence alleging that the warrant was obtained by the officer's false statements in the affidavit in violation of constitutional and state-law rights. The narcotics officer claimed falsely in the affidavit that he had purchased small baggies containing marijuana from Appellant's residence. The State admitted that Officer Harvel made the false statement. The trial court denied the motion.

**ANALYSIS**

The Fourth Amendment of the United States Constitution requires a finding of probable cause before a search warrant may be issued. *State v. Crisp*, 74 S.W.3d 474, 483–84 (Tex.App.–Waco 2002, no pet.). To show probable cause and obtain a search warrant, narcotics officer Harvel stated in his affidavit that he had received reliable information from a confidential source that Appellant was trafficking narcotics from the named address. In support of his request for a "no-knock" warrant, Officer Harvel claimed falsely that he had purchased plastic baggies containing marijuana from Appellant at the suspected place and, based on his experience, he believed a delay of entry would allow time for the named party to destroy the marijuana. Harvel had never purchased drugs from Appellant. Appellant argues that without Officer Harvel's false statement, the affidavit lacked probable cause to issue a search warrant for Appellant's home.

In Appellant's sole issue, he contends that the State violated his Fourth Amendment rights against illegal search and seizure when officers searched his home without probable cause for the search warrant. He complains that the judge abused his discretion in denying the motion to suppress because, without the officer's false claim, the State lacked probable cause to obtain a search warrant.

The State counters that Appellant was not harmed by Harvel's false claim since a trained drug canine had previously alerted for drugs at the front door of the house. *See State v. Weaver*, 349 S.W.3d 521, 528 (Tex.Crim.App.2011)(a positive alert by a certified drug dog is sufficient probable cause to search). Because the trained drug dog's positive reaction to drugs in the residence provided sufficient probable cause to issue a search warrant without the officer's false statement, we find no reversible error in the judge's failure to grant the motion. We overrule the sole point and affirm the judgment of the trial court below.

Barajas, C.J. (Senior Judge), sitting by assignment